AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Mississippi

| | |
|---|---|
| United States of America<br>v.<br>Tosh Humphrey a/k/a Bugga,<br>Chiquita Acker and Roy Tatum<br><br>*Defendant(s)* | )<br>)<br>)  Case No.  1:16mj20-JCG<br>)<br>)<br>) |

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
APR 08 2016
ARTHUR JOHNSTON
BY _____ DEPUTY

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___April 8 2016___ in the county of ___Harrison___ in the ___Southern___ District of ___MS, Southern Division___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 846 | Conspiracy to Possession with Intent to Distribute a Controlled Substance, to wit, 500 grams or more of a mixture or substance containing a detecable amount of methamphetamine, a schedule II narcotic drug controlled substance. |

This criminal complaint is based on these facts:
See affidavit attched hereto and incorporated herein

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Jason Elder, Special Agent HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 04/08/2016

_____
*Judge's signature*

City and state: Gulfport, MS

John C. Gargiulo, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT**



STATE OF MISSISSIPPI
COUNTY OF HARRISON

I, Jason Elder, being first duly sworn, hereby depose and say that:

1. I am a special agent with the Department of Homeland Security, Homeland Security Investigations (HSI) and have been since May 2007. As a Homeland Security Investigations Special Agent, I have attended training courses which provided specialized training in the area of immigration and immigration related fraud. Prior to my present employment, I was employed by United States Customs and Border Protection in Gulfport, Mississippi, and was employed by the Harrison County Sheriff's Department, Gulfport Mississippi. During the course of my law enforcement employment, I have been involved in various types of criminal investigations including but not limited to homicide, burglary, and fraud.

2. On April 4, 2016, SA Jason Elder and Task Force Officer Luis Hawkins conducted an interview of a source of information (SOI). The SOI advised that he/she had been in conversation with a black male only known as "BUGGA" (later identified as Tosh HUMPHREY) on cell phone 985-201-5477. HUMPHREY advised the SOI that a supplier of methamphetamine was coming to the Mississippi Gulf Coast for the spring break weekend in Biloxi, MS. The SOI made a phone call to HUMPHREY at which time the SOI asked HUMPHREY if he was coming to Mississippi and if he had methamphetamine. The SOI advised HUMPHREY that the SOI wanted to buy three pounds of methamphetamine. HUMPHREY advised that "RED" (later identified as Roy TATUM) would be leaving Texas and coming to meet HUMPHREY in Louisiana with a large amount of methamphetamine.

3. On April 5, 2016, HUMPHREY contacted the SOI and advised that HUMPHREY had six ounces of methamphetamine and would be staying at Chiquita ACKER's house in Pearlington, Mississippi. HUMPHREY advised the SOI that he/she could come get the six ounces until the rest of the methamphetamine arrived. The SOI advised HUMPHREY that the SOI would need some time to get the money together. The SOI advised that HUMPHREY has driven three separate vehicles- a white Lincoln MKZ, tan Lincoln Town Car and a grey Toyota Camry. At approximately 2200 hours, agents observed a white Lincoln MKZ with Louisiana license plate ZQK-504 arrive at ACKER's residence.

4. On April 7, 2016, SA Ben Taylor observed a black male standing next to the Lincoln MKZ. Agents located a photo on ACKER's Facebook page of a Tosh "Bugga" HUMPHREY. SA Taylor advised that the person he saw was HUMPHREY. At approximately 2000 hours the SOI contacted TFO Hawkins and advised TFO Hawkins that TATUM called the SOI and wanted to drop off three pounds of methamphetamine to the SOI. The SOI advised TATUM that the SOI would need time to get the money and would call TATUM back.

5. At approximately 2200 hours, Agents conducted surveillance of the aforementioned location and observed three vehicles at the location- a Grey Ford with an unknown paper plate, the Lincoln MKZ and a Nissan Altima registered to ACKER. At approximately 2300 hours the SOI contacted TATUM and asked if TATUM wanted to meet him/her. TATUM advised the SOI that he (TATUM) was at ACKER's house and was staying there. At approximately 2345 hours, TATUM contacted the SOI and advised the SOI that ACKER could drop the methamphetamine off to the SOI. The SOI advised TATUM that they would meet the next day.

6. On April 8, 2016, Agents conducted surveillance of the aforementioned address and observed the same three vehicles. At approximately 0850 hours, TATUM texted the SOI and

advised he was "ready." The SOI advised TATUM that he/she would call him later. Throughout the course of the day, TATUM and HUMPHREY had phone conversations with the SOI about meeting to exchange money for methamphetamine. TFO Hawkins obtained a search warrant for ACKER's residence from Hancock County Justice Court Judge Jay Lagasse.

7. Agents executed a search warrant at the aforementioned location. As Agents attempted to make entry into the residence the occupants began to flush the toilet. TFO Hawkins broke the drainage pipe to the residence and collected the waste in five gallon buckets. Items collected in the buckets were crack cocaine, marijuana, and liquid. Three five gallon buckets of liquid was collected which tested positive for methamphetamine.

8. As Agents were arriving to execute the search warrant, the SOI contacted Agent Elder and advised that ACKER was at the Flying J on Canal Road in Gulfport, Mississippi and that TATUM wanted the SOI to meet ACKER at that location. The SOI was across the street and observed ACKER's vehicle. Agent Jerry Mikel contacted Harrison County Deputy Russel Holliman and advised Holliman that ACKER was in a Nissan Altima parked at the gas pump at the Flying J. Deputy Holliman and another HCSO deputy approached the vehicle. Deputy Holliman observed the odor of burnt marijuana coming from the vehicle. Holliman came into contact with ACKER and asked her if she had anything illegal in the vehicle. An unknown female was observed leaving the vehicle and enter the store. ACKER advised that she did not. ACKER gave written consent to search her vehicle. During the search of the vehicle, Deputy Holliman located a shoe box in the trunk with approximately two pounds of methamphetamine. The methamphetamine field tested positive and yielded a positive result for methamphetamine. Deputies located the female in the store and was identified her as Jessica HATTEN.

5. Based on the aforementioned facts and circumstances, your affiant believes there is probable cause that HUMPHREY, TATUM, and ACKER have violated Sections 846 Title 21, United States Code, conspiracy to possess with intent to distribute 500 grams or more of a detectable amount of methamphetamine.

JASON ELDER, Special Agent
Department of Homeland Security
Homeland Security Investigations

Sworn and subscribed before me the ____8____ day April, 2016.

UNITED STATES MAGISTRATE JUDGE